UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID JERRI, JR., et. al. | : | NO. 2:13-cv-01328-MMB |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | HONORABLE |
| FREDERICK HARRAN, et. al., | : | MICHAEL M. BAYLSON, J. |
| Defendants. | : | |

## **ORDER FOR HEARING**

AND NOW, this _____ day of _____, 2013, in light of the Motion to Compel Discovery from Defendants Harran, Ponticelli, Monaghan, and DiGirolamo with Request for Hearing filed by Plaintiff David Jerri, Jr., a hearing shall be held on the record on the _____day of _____, 2013 at _____ in Courtroom \_\_\_\_. Counsel for Plaintiff David Jerri, Jr. should be prepared to state on the record the Rule 26 relevance to his claims and/or Defendants' defenses of each interrogatory and document request for which he seeks to compel discovery. Counsel for Defendants should be prepared to state with specificity, on the record, their objections to same.

BY THE COURT:

_____
, J.

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID JERRI, JR., et. al. | : | NO. 2:13-cv-01328-MMB |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | HONORABLE |
| FREDERICK HARRAN, et. al., | : | MICHAEL M. BAYLSON, J. |
| Defendants. | : | |

**PLAINTIFF JERRI, SR.'S MOTION TO COMPEL DISCOVERY FROM
DEFENDANTS HARRAN, PONTICELLI, MONAGHAN, AND
DIGIROLAMO WITH REQUEST FOR HEARING**

Plaintiff, David Jerri, Sr., by and through his attorney, Brian K. Wiley, Esquire, hereby submits his Motion to Compel Discovery from Defendants Harran, Ponticelli, Monaghan, and DiGirolamo with Request for Hearing, pursuant to Fed. R. Civ. P. 37, as follows:

1. Plaintiff, David Jerri, Sr., filed a Civil Action Complaint raising federal claims under 42 U.S.C. §1983 (First and Fourteenth Amendments) and various state law claims against Defendants Harran, Ponticelli, Monaghan, and DiGirolamo (herein after "the Municipal Defendants").

2. On August 16, 2013, this Court entered an Order directing that an Amended Complaint be filed. By the same Order, the Court directed that discovery commence against with respect to Plaintiff's claims against the Municipal Defendants, including via the use of interrogatories and requests for production of documents.

3. The Court further directed during a telephone conference held on October 23, 2013, that the parties endeavor to complete interrogatories and document requests

by December 5, 2013, setting that date as that by which any motions to compel discovery should be filed.

4. On September 16, 2013, Plaintiff Jerri, Sr. served the Municipal Defendants with his Fed. R. Civ. P. 33 Interrogatories and Fed. R. Civ. P. 34 Request for Production of Documents.

5. On October 21, 2013, the Municipal Defendants provided deficient responses to Plaintiff Jerri, Sr.'s Interrogatories and Request for Production of Documents as set forth in Exhibits A and B, attached.

6. The Municipal Defendants provided deficient answers to Plaintiff Jerri, Sr.'s Interrogatories by refusing to answer any of them. They provided no answers to any of the interrogatories, objecting instead to their number.

7. The Municipal Defendants provided deficient responses to Plaintiff Jerri, Sr.'s document requests by entering a boilerplate objection to each and every single one of them as being "overbroad, vague, unduly burdensome, and not reasonably calculated to lead to discoverable evidence."

8. The Municipal Defendants refused to answer interrogatories of clear relevance to Plaintiff Jerri, Sr.'s claims and their own asserted defense of qualified immunity.

9. The Municipal Defendants have withheld documents of clear relevance to Plaintiff Jerri, Sr.'s claims and their own asserted defense of qualified immunity.

10. On or about November 13, 2013, Plaintiff Jerri, Sr. served Exhibits A and B, attached, upon the Municipal Defendants, notifying them of the specific deficiencies in their responses and outlining the relevancy of each interrogatory and document request to the claims and defenses in this case.

11. Plaintiff Jerri, Sr. made this good faith informal attempt at resolving this discovery dispute without court intervention, providing Defendants ten days to correct the noted deficiencies themselves.

12. Defendants have failed to comply with their discovery obligations under the Federal Rules of Civil Procedure and this Court's August 16, 2013 Order and directions at the October 23, 2013 telephone conference.

13. Plaintiff Jerri, Sr. certifies that he has, in good faith, attempted to confer with counsel for Defendants in an effort to obtain the withheld discovery without court action.

14. Despite Plaintiff's good faith attempts at informal resolution, Defendants have continued to withhold discovery and have refused to provide full and complete responses to Plaintiff's requests as outlined in the attached Memorandum of Law.

15. More than ten days has passed since Plaintiff Jerri, Sr. served Defendants with the deficiency notices here attached as Exhibits A and B, and Defendants have failed to supplement their responses, correct the deficiencies, or otherwise attempt to resolve this discovery dispute.

WHEREFORE, for all the reasons set forth more fully in the attached Memorandum of Law, and in accordance with the Federal Rules of Civil Procedure, Plaintiff respectfully requests this Honorable Court enter the attached proposed Order for a hearing at which Plaintiff may place on the record the Rule 26 relevance of each of his interrogatories and document requests for which he seeks to compel discovery. Following that hearing, Plaintiff requests that the Court enter the proposed Order here attached as Exhibit C, compelling discovery and placing the Municipal Defendants on notice of in limine sanctions should they fail to comply with the Order.

                                              Respectfully submitted,


                                              /s/Brian K. Wiley
                                              BRIAN K. WILEY, Esq.
                                              PA ID #55813
                                              Counsel for Plaintiffs

The Law Office of Brian K. Wiley, Esq., P.C.
100 South Main Street
North Wales PA 19454
215-699-2522 tel
215-699-8988 fax
bkwlaw1@verizon.net

Dated: November 26, 2013

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| DAVID JERRI, JR., et. al. | : | NO. 2:13-cv-01328-MMB |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | HONORABLE |
| FREDERICK HARRAN, et. al., | : | MICHAEL M. BAYLSON, J. |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF JERRI, SR.'S MOTION TO COMPEL DISCOVERY FROM DEFENDANTS HARRAN, PONTICELLI, MONAGHAN, AND DIGIROLAMO WITH REQUEST FOR HEARING**

Plaintiff, David Jerri, Sr., by and through his attorney, Brian K. Wiley, Esquire, hereby submits his Memorandum of Law in Support of his Motion to Compel Discovery from Defendants Harran, Ponticelli, Monaghan, and DiGirolamo with Request for Hearing, as follows:

## I. INTRODUCTION AND FACTS

Plaintiff, David Jerri, Sr., filed a Civil Action Complaint raising federal claims under 42 U.S.C. §1983 (First and Fourteenth Amendments) and various state law claims against Defendants Harran, Ponticelli, Monaghan, and DiGirolamo (herein after "the Municipal Defendants").

On August 16, 2013, this Court entered an Order directing that an Amended Complaint be filed. By the same Order, the Court directed that discovery commence against with respect to Plaintiff's claims against the Municipal Defendants, including via the use of interrogatories and requests for production of documents. The Court further directed during a telephone conference held on October 21, 2013, that the parties endeavor to complete interrogatories and document requests by December 5, 2013, setting that date as that by which any motions to compel discovery should be filed.

On September 16, 2013, Plaintiff Jerri, Sr. served the Municipal Defendants with his Fed. R. Civ. P. 33 Interrogatories and Fed. R. Civ. P. 34 Request for Production of Documents. On October 21, 2013, the Municipal Defendants provided deficient responses to Plaintiff Jerri, Sr.'s Interrogatories and Request for Production of Documents as set forth in Exhibits A and B, attached.

The Municipal Defendants provided deficient answers to Plaintiff Jerri, Sr.'s Interrogatories by not answering a single one of them, instead claiming that the descriptors he used to specifically define and narrow the interrogatories cause them to exceed the number permissible by Rule. Furthermore, rather than make specific objections based on an individualized assessment of each interrogatory, thy entered the same boilerplate objection to each and every single one of the document requests as being "overbroad, vague, unduly burdensome, and not reasonably calculated to lead to discoverable evidence." The Municipal Defendants then failed to provide documents responsive to multiple requests relevant to Plaintiff Jerri, Sr.'s claims and the defenses to those claims they have thus far proffered.

On or about November 13, 2013, Plaintiff Jerri, Sr. served Exhibits A and B, attached, upon the Municipal Defendants, notifying them of the specific deficiencies in their responses and outlining the relevancy of each interrogatory and document request to the claims and defenses in this case. Plaintiff Jerri, Sr. made this good faith informal attempt at resolving this discovery dispute without court intervention, providing Defendants ten days to correct the noted deficiencies themselves. Despite Plaintiff's good faith attempts at informal resolution, Defendants have continued to withhold discovery and have refused to provide full and complete responses to Plaintiff's requests as outlined in the attached Memorandum of Law.

## II. DISCUSSION

**The Problems**

**A.	The Municipal Defendants enter the same boilerplate objection to each and every one of Plaintiff Jerri, Sr.'s document requests, without distinction.**

Defendants have entered an objection to each and every one of Plaintiff Jerri, Sr.'s document requests as being overbroad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The entry of a stock, boilerplate objection to each and every document request is in itself a violation of the Court's August 16, 2013 Order directing that all objections be specific. An objection that is not informed by an individualized analysis of each respective request, but rather entered en masse, in no way can be considered specific. Moreover, Plaintiff Jerri, Sr.'s document requests each relate to one or more elements of his claims under the First and Fourteenth Amendment and state tort laws, as well as to Defendants' "qualified immunity" defense. They are specific, clear, readily answerable, and reasonably calculated to lead to discovery on the elements of Plaintiff's claims and Defendants' proffered defense. Accordingly, Defendants serial boilerplate objections render their corresponding lack of responses deficient as outlined in Exhibit B.

**B.	The Municipal Defendants did not answer a single one of Plaintiff Jerri, Sr.'s Interrogatories.**

The Municipal Defendants failed to respond to all of Plaintiff Jerri, Sr.'s Interrogatories. That is, they answered none.

With respect to Interrogatories ## 1, 2, 3, 5, 6, 7, 8, 9, 14, 15, 16, 20, 21, 22, Defendants simply did not answer them, as outlined in the attached Exhibit A.

With respect to the remainder of Plaintiff Jerri, Sr.'s Interrogatories, Defendants have recast his specificity in defining the contours of his interrogatories (to avoid their en masse

8

objections of over-breadth and vagueness) as posing separate subparts that cumulatively constitute more than twenty-five. Defendants' assertions are unfounded as Plaintiff Jerri, Sr.'s interrogatories, to the extent they contain descriptors or references to the specific type of information sought, are meant **to narrow and define the request with specificity** so that Defendants do not, *as they did to every single one of Plaintiff Jerri, Jr.'s Interrogatories*, object to over-breadth and vagueness.

Specifically, the Municipal Defendants claim that asking them to identify and describe the complaints and/or requests made to them by Plaintiff Jerri, Sr. and their investigation and responses thereto (in Interrogatory #4) constitutes fifty-two (52) separate questions because that is the variety of complaints and subjects of complaints Plaintiff engaged in. Similarly, they claim asking them in separate questions (Interrogatories ##17, 18, and 19) whether they contend they did not receive or were not made aware of Plaintiff Jerri, Sr.'s complaints and/or requests, whether they contend they investigated them, and whether they contend they took remedial or corrective action on them is fifty-two (52) separate questions. This despite the fact that questions asking whether they contend they did something such as these can be answered simply with a "yes" or "no" followed by a brief explanation. In other words, the Municipal Defendants are seeking to define the nature of a singular question by the volume of the response it requires, a backwards analysis that would essentially allow defendants in any litigation to completely control a plaintiff's interrogatories by providing an abundance of information in response to any one question and then refusing to answer the rest, saying "that's twenty-five answers." Moreover, Plaintiff Jerri, Sr.'s pointing Defendants to the complaints he has averred by reference to averment numbers is simply a way to be specific and to define the boundaries of his request to avoid allegations of over-breadth or vagueness. Clearly if Plaintiff simply asked about *all*

9

*complaints* he ever made, *generally*, that would do nothing to notice the Municipal Defendants about what he is asking, and would undoubtedly be met with the same "overbroad" and "vague" objections Defendants try with every single one of Plaintiff Jerri, Jr.'s Interrogatories. Plaintiff Jerri, Sr.'s reference then is meant to set boundaries, and to narrow and define his interrogatory, and does not convert it into "52" parts simply because he complained about many different subjects. Defendants' failures to answer this question are accordingly deficient as outlined in the attached Exhibit A.

The Municipal Defendants' reverse analysis continues. They refuse to answer Interrogatories ##10 and 12 about their participation and role in the 2011 and 2012 closures of Union Fire Company, respectively, because they claim both to be ten questions simply because they so participated in many different ways. Again, Defendants are seeking to define the nature of a singular question by the volume of the response it requires. Plaintiff Jerri, Sr.'s pointing Defendants to the ways he believes they participated in that closure **to set boundaries and give definition to his request** is nothing more than a way to avoid Defendants' boilerplate allegations of over-breadth and vagueness they entered to every single interrogatory Jerri, Jr. posed to them. It does not convert a question about their participation in a closure into ten questions simply because they believe that may be the number of ways they participated.

The Municipal Defendants similarly convert Interrogatory #11 into four subparts and Interrogatory #13 into three because Plaintiff asked about how they investigated, responded to and remedied their reasons for closing Union Fire Company in 2011 and 2012. Despite the fact that an "investigation" can clearly be a form of "response," and a "response" and "remedy" may be viewed as the same thing, Defendants use semantics to their advantage and decline to respond. They are playing semantics with Plaintiff Jerri, Sr.'s clear attempts to define his question with

10

specificity to focus Defendants' answer, a desirable goal to avoid the very over-breadth and vagueness objections Defendants seem apt to cite to every interrogatory they are met with. Accordingly, Defendants' failures to answer as to how they investigated and addressed the reasons they professed for closing Union Fire Company in 2011 and 2012 are deficient as outlined in Exhibit A.

In the end, the Municipal Defendants have provided zero answers to Plaintiff Jerri, Sr.'s Interrogatories by using Plaintiff's specificity and definition of the limiting boundaries of his questions against him, chopping them up into supposed subparts that do not exist and claiming they exceed the permissible number. The Municipal Defendants accordingly have failed to respond to Plaintiff Jerri, Sr.'s Interrogatories.

**C.     The Municipal Defendants withhold documents responsive to discreet, highly-relevant document requests.**

As outlined in the attached Exhibit B, the Municipal Defendants have withheld responses to document requests that directly bear on one or more elements of Plaintiff's claims under the First and Fourteenth Amendments, his state law claims, and/or their defenses thereto. Defendants have completely failed to disclose:

1. Press releases, media communications, press conferences, public statements and interviews in which Defendants participated or mentioned Plaintiff Jerri, Sr., as well as their policies respecting the same, as directly bearing on Plaintiff's stigma-plus and defamation claims;

2. Defendants' policies respecting public comment, questions, complaints, and speech at Bensalem Township Council Meetings, clearly relevant to Plaintiff Jerri, Sr.'s First Amendment claim as they relate to his engagement in protected activity and Defendants' conduct in response thereto.

3. Defendants' policies respecting the procedure by which complaints of their conduct or issues related to the governance of the township or its employees may be brought, filed, investigated, and responded to. These policies are clearly

relevant to the protected activity and retaliation elements of Plaintiff's First Amendment claim.

4. Defendants communications and correspondence concerning Plaintiff Jerri, Sr. for the years 2010 through November 2012, despite the fact that Defendants know full well that, at a minimum, emails circulated amongst them and others within the Public Safety Department concerning Plaintiff Jerri, Sr. and his complaints and concerns.

5. Searches they conducted on Plaintiff's home and car during the period of retaliation outlined in Plaintiff Jerri, Sr.'s Amended Complaint, a form of retaliation alleged as part of those claims.

6. Reports filed by, or as a result of reports made by, Plaintiff Jerri, Sr.'s wife or children during a specified timeframe, despite knowing very well Ms. Jerri called for police emergency help when she discovered someone stalking her in an unidentified vehicle and had to ask for help out of fear for her safety, only later to discover that the person stalking her was doing so at the behest of Defendants.

7. Documents concerning Plaintiff Jerri, Sr.'s protected activity and their responses thereto, very elements of his claims. Specifically, they refuse to disclose documents concerning his complaints and requests made to them concerning specifically-referenced subject matters, clearly relevant documents to both his claims and their assertion of qualified immunity.

8. Documents concerning their investigation(s) into Plaintiff Jerri, Sr.'s specified complaints, again clearly relevant to his First Amendment claim and their assertion of qualified immunity to it.

9. The minutes and other recordings of the Bensalem Township Council Public Meetings, Bensalem Township Council Executive Session Meetings, Bensalem Township Fire Chiefs' Meetings, and Public Meetings at Pen Ryn Mansion at which Plaintiff Jerri, Sr. voiced his complaints and/or those complaints were addressed, relevant to his First Amendment protected activity and their responses thereto.

10. Documents concerning Defendants' placement of Plaintiffs' shared name, i.e. "David Jerri" (without any suffix) as alleged clearly in the Amended Complaint, on a "Wanted" billboard along I-95 outside of Plaintiff Jerri, Sr.'s place of employment.

11. Directives, commands, and orders Defendants issued to Union Fire Company during the specified period, despite clear relevance to Plaintiff Jerri, Sr.'s stigma-plus and First Amendment claims as well as to their claim of qualified immunity (i.e., their defense that "they're an independent entity" even though the mayor put

in writing that he and Harran shall direct all aspects of Union Fire Company operations).

12. The organization, structure, hierarchy, bylaws, and operation of Union Fire Company, maintaining it is a separate entity, a contention they know very well is contested, contradicted by written documents of Defendant (mayor) DiGirolamo, and relevant to their defense of qualified immunity.

13. Their public statements about their relationship with Union Fire Company including expressions of control, authority, and power, despite clear relevance to the plus portion of Plaintiff Jerri, Sr.'s stigma-plus claim and their defense of qualified immunity.

14. Documents concerning the creation, purpose, powers, duties, authority, and responsibilities of Defendant DiGirolamo's Advisory Board, highly relevant to Plaintiff Jerri, Sr.'s First Amendment and retaliation claims as they concern the responses of Defendants DiGirolamo and Harran to Plaintiff's protected activity (via the advisory board DiGirolamo created and onto which he placed Harran).

15. The contact information of the members of the Defendant DiGirolamo's Advisory Board.

16. Documents concerning the complaints Plaintiff Jerri, Sr. made to Defendant DiGirolamo's Advisory Board, and the investigation and responses of Defendant DiGirolamo's Advisory Board (over which Defendant Harran was head) to those complaints, clearly relevant to his First Amendment retaliation claim.

17. The minutes and meeting notes and reports of discussions and actions of Defendant DiGirolamo's Advisory Board.

18. Communications between Defendant DiGirolamo's Advisory Board and Union Fire Company.

19. The disciplinary files of Defendants, Defendants' discipline for misconduct related to the protected activity of Plaintiff Jerri, Sr. being material and probative concerning whether they engaged in retaliation and whether any corrective or remedial action was taken thereupon.

20. Defendants' respective job duties, expectations, authority and powers within their employment at Bensalem Township. Defendants have promised but failed to deliver job descriptions for Defendants Ponticelli and Monaghan that may or may not be responsive to this request, and refer Plaintiff to the entirety of the Bensalem Township Code without providing any particular section for the powers and authority of Defendants Harran and DiGirolamo.

**D. The Municipal Defendants refuse to provide documents related to their policies with respect to employee discipline and terminations because *they* contend Plaintiff Jerri, Sr. was not an employee, a position they know very well is contested in this lawsuit and one which Plaintiff is entitled to test and conduct discovery.**

The Municipal Defendants turn their own defense into a bar on discovery relevant to that defense. That is, the Municipal Defendants have claimed in defense against Plaintiffs' stigma-plus claims that Plaintiffs were not employees of Bensalem Township because, as they put it at oral argument in August, "there's no personnel file."

Using this justification, the Municipal Defendants refuse to disclose:

1. Defendants' policies on employee discipline, including termination;

2. Defendants' policies on defamation and retaliation, exercise of speech rights/First Amendment, retaliation, and harassment;

3. Documents relied upon by human resources personnel in reviewing, approving, or recommending any employment decision made involving Plaintiff Jerri, Sr..

Never mind that Plaintiff Jerri, Sr. was paid a yearly stipend from township funds, was provided disability insurance coverage, was provided life insurance coverage, and was covered under the township's workers compensation policy as a firefighter for the township. Never mind written documents possessed by and disclosed to the Municipal Defendants clearly reveal that Defendant DiGirolamo *placed in writing* that the Township, through the Mayor (himself) and Public Safety Director (Defendant Harran), shall direct and advise all aspects of the operations of Union Fire Company, and closed then closed the company and forced the removal of Plaintiff as Chief by withholding coverages and threatening to arrest any member who worked in violation of their shut-down. Defendants simply refuse to answer any interrogatories and disclose any

14

documents relevant to Plaintiff Jerri, Sr.'s claims and this contended defense of non-employment because, they assert, he was "not an employee."

But the Municipal Defendants' assertion of non-employment is only that, *their* assertion, and one which they know very well Plaintiff contests and know very well is rebutted by documents they possess. Defendants' *assertion* does not preclude or define Plaintiff Jerri, Sr.'s right to obtain discovery of relevant material, especially on this contested defense. If it were not so, Rule 26 would not authorize discovery regarding any non-privileged matter that is relevant to any party's claims ***or defenses***. But it does. See Fed. R. Civ. P. 26(b)(1); Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000). And the documents the Municipal Defendants are withholding, most particularly those respecting policies and practices on employee discipline and termination, are clearly relevant and discoverable under Rule 26.

Accordingly, the Municipal Defendants' attempt to avoid their disclosure renders their responses deficient as outlined in Exhibit B.

**E.    The Municipal Defendants refuse to provide documents relevant to retaliation against Plaintiff Jerri, Sr., specifically averred in the Amended Complaint, that they wrought upon his wife and children.**

The Municipal Defendants object that Plaintiff Jerri Sr.'s request seeking documents related to their surveillance of Plaintiff Jerri, Sr.'s wife and children during a specified time period corresponding with their retaliation against him is "irrelevant" because the wife and children "are not parties to this action." The Municipal Defendants miss the point. While Plaintiff's wife and children are indeed not parties, *Defendants are*, and *their retaliatory actions* as set forth in the pleading clearly encompass Defendants' conduct directed at Plaintiff Jerri, Sr.'s family as retaliation against him for exercising his First Amendment speech rights. Accordingly, their objection that discovery into *their conduct* is not relevant because they

15

directed it at Plaintiff's family is absurd and legally untenable. Defendants are well aware, as undoubtedly this Court is, of a host of case law interpreting all types of federal anti-retaliation provisions (Title VII, the Amended Americans with Disabilities Act, the First Amendment, etc.) making it clear that retaliating against one's family due to that one's federally-protected class status or activities can be as equally unlawful as taking the adverse actions directly against the protected individual himself.

The specific document requests to which the Municipal Defendants offered this invalid objection and refused to provide documents responsive to are detailed here in Exhibit B.

**The Remedy**

Rule 37 of the Federal Rules of Civil Procedure, entitled "Failure to Make Disclosure or Cooperate in Discovery: Sanctions," permits a party, upon reasonable notice to other parties and all persons affected thereby, to apply for an order *compelling* disclosure or discovery. Most relevant for purposes of this Motion, Rule 37(a)(3) states as follows:

> "(A) If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."
>
> (B) A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
>
> . . . .
>
> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
>
> (iv) a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34.

Fed. R. Civ. P. 37(a)(3).

**Quite significantly, evasive or incomplete disclosure, answers, or responses are treated under Rule 37(a)(4) as "a failure to disclose, answer, or respond."**

The results of failing to comply with one's discovery obligations are severe, and justly so. Rule 37(b)(2)(A) makes eminently clear that where a party fails to obey an order to provide or permit discovery, including an Order Compelling Disclosure or Discovery under Rule 37(a) or a case-planned Discovery Order entered under Rule 26(f), the court in which the action is pending "may issue further just orders," including:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence.

Fed. R. Civ. P. 37(b)(2)(A).

In other words, parties are on clear notice by the Federal Rules of Civil Procedure that failing to honor one's discovery obligations and to obey the Court's orders respecting it can result in a loss of evidentiary standing, issue preclusion, and rulings in limine restricting the offending party at trial and in all dispositive motions.

In response to Plaintiff Jerri, Sr.'s attempts to alert the Municipal Defendants to these problems through a deficiency notice, the Municipal Defendants have responded with nothing. Only silence has followed Plaintiff's good faith attempt to get the Municipal Defendants to respond specifically to his requests; that is, to honor their obligations under the Rules by providing full, complete, and specific answers and documents to the interrogatories and document requests with which they were served.

Consequently, evidence of the Municipal Defendants' continued violation and default on their discovery obligations is clear. Attempts at informal resolution by Plaintiff Jerri, Sr. having been met with silence, Plaintiff now seeks the following relief:

### III. RELIEF REQUESTED

Plaintiff respectfully requests this Honorable Court enter the attached proposed Order for a hearing at which Plaintiff may place on the record the Rule 26 relevance of each of his interrogatories and document requests for which he seeks to compel discovery. Defendants may at that time place their specific objections on the record as well. Following that hearing, Plaintiff requests that the Court enter the proposed Order, here attached as Exhibit C, compelling discovery under Fed R. Civ. P. 37(a). Plaintiff Jerri, Sr. respectfully requests that the Municipal Defendants be ordered and compelled to produce documents specifically designated to the requests for which deficiencies were noticed to them via the attached Exhibit B, and to likewise provide answers specifically designated to the interrogatories for which deficiencies were noticed to them via the attached Exhibit A. Plaintiff Jerri, Sr. respectfully requests that the Municipal Defendants be placed on notice via the attached proposed Order (Exhibit C) that their failure to do so within ten (10) days of the entry of the Order compelling discovery shall result in the Court's entertainment of a Motion in Limine granting Plaintiff Jerri, Sr. such further relief in the form of issue and evidentiary preclusion and the establishment of designated facts as the Court deems appropriate.

### IV. CONCLUSION

Wherefore, Plaintiff Jerri, Sr. respectfully requests that this Honorable Court grant his Motion to Compel Discovery from Defendants Harran, Ponticelli, Monaghan, and DiGirolamo by entering the attached proposed Order for a hearing at which Plaintiff may place on the record

the Rule 26 relevance of each of his interrogatories and document requests for which he seeks to compel discovery. Following that hearing, Plaintiff requests that the Court enter the proposed Order here attached as Exhibit C, compelling discovery and placing the Municipal Defendants on notice of in limine sanctions should they fail to comply with it.

               Respectfully submitted,

               /s/ Brian K. Wiley_____
               Brian K. Wiley, Esquire
               PA ID# 55813
               Counsel for Plaintiffs

The Law Office of Brian K. Wiley, Esq., P.C.
100 South Main Street
North Wales, PA 19454
215-699-2522 tel
215-699-8988 fax
bkwlaw1@verizon.net

Dated: November 26, 2013

**CERTIFICATE OF SERVICE**

      I, Brian K. Wiley, Esq., counsel for Plaintiffs in the within action, do hereby certify that Plaintiff Jerri, Sr.'s Motion to Compel Discovery from Defendants Harran, Ponticelli, Monaghan, and DiGirolamo with Request for Hearing, along with the Memorandum of Law in Support thereof, were served and are available for downloading and viewing via the ECF for the United States District Court for the Eastern District of Pennsylvania on this 26th day of November, 2013, upon all counsel of record:

                                                        By:

                                                        /s/Brian K. Wiley_____
                                                        BRIAN K. WILEY, Esq.
                                                        PS ID #55813
                                                        Counsel for Plaintiffs

The Law Office of Brian K. Wiley, Esq., P.C.
100 South Main Street
North Wales, PA 19454
215-699-2522 tel
215-699-8988 fax
bkwlaw1@verizon.net

Dated: November 26, 2013