UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID JERRI, JR., et. al. | : | NO. 2:13-cv-01328-MMB |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | HONORABLE |
| FREDERICK HARRAN, et. al., | : | MICHAEL M. BAYLSON, J. |
| Defendants. | : | |

# **ORDER**

AND NOW, this _____ day of _____, 2013, upon consideration of Plaintiffs' Fed. R. Civ. P. 45(c)(2)(B)(i) Motion to Compel Third-Party Compliance With Subpoena Duces Tecum with accompanying Memorandum of Law (doc. 52), the Third-Party's Response in Opposition thereto (doc. 60) and Plaintiffs' Reply Brief (doc. 77), it is hereby ORDERED and DECREED that the Motion to Compel is GRANTED.

The Office of the District Attorney, Bucks County, Pennsylvania shall, by no later than five (5) business days from the date of this Order, fully produce to Plaintiffs all documents responsive to the subpoena duces tecum served upon it on September 13, 2013.

BY THE COURT:

_____
, J.

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID JERRI, JR., et. al. | : | NO. 2:13-cv-01328-MMB |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | HONORABLE |
| FREDERICK HARRAN, et. al., | : | MICHAEL M. BAYLSON, J. |
|     Defendants. | : | |

**PLAINTIFFS' BRIEF IN REPLY TO OFFICE OF THE DISTRICT ATTORNEY OF BUCKS COUNTY'S RESPONSE IN OPPOSITION TO MOTION TO COMPEL THIRD-PARTY COMPLIANCE WITH SUBPOENA DUCES TECUM**

Pursuant to the Order of this Court dated December 20, 2013, Plaintiffs, by and through their counsel, Brian K. Wiley, Esq., hereby file their Brief in Reply to the Office of the District Attorney of Bucks County's Response in Opposition to Motion to Compel Third-Party Compliance with Subpoena Duces Tecum:

### I. SUMMARY OF ARGUMENT IN REPLY

Compelling reasons, some overriding, exist for the enforcement of the relevant subpoena Plaintiffs served upon the Office of the District Attorney of Bucks County (hereinafter "the Third Party"). Chief among those reasons is that **Defendants Harran, Monaghan, Ponticelli, and DiGirolamo have pled the Fifth Amendment to questions concerning whether they lied, omitted and/or withheld information from prosecutors concerning the charges they levied against Plaintiff Jerri, Jr.** There is accordingly no reasonable expectation that these same Municipal Defendants will "see the light" and suddenly be forthcoming in answering discovery and deposition questions that would shine light on their truthfulness and completeness in relaying the information they possessed concerning their investigation. The subpoenaed documents are highly relevant to Plaintiff Jerri, Jr.'s malicious prosecution claim under well-

2

established law.  That law holds that **one is liable for malicious prosecution if one "fail[s] to disclose exculpatory evidence to prosecutors, make[s] false or misleading reports to the prosecutor, omit[s] material information from the reports, or otherwise interfere[s] with the prosecutor's ability to exercise independent judgment."**  But the Municipal Defendants won't say what they provided and what they withheld from prosecutors, for obvious reasons.  They have seen the affidavits Plaintiffs have provided to them in discovery; affidavits which catalogue witness after witness who was either "interviewed" by Defendant Monaghan, but whose exculpatory statements somehow never found their way into any of his police reports, or whose witnessing of the relevant events was known to the Municipal Defendants yet whose statements were never obtained or documented.  Thus, when questioned about truthfulness, when queried about completeness, *when interrogated concerning whether they withheld or omitted information from prosecutors*, **the Municipal Defendants have all pled the Fifth**.

In the face of the clear Rule 26 relevance and need for the subpoenaed documents Plaintiffs have now thoroughly placed on the record, one finds two responses to Plaintiffs' Motion to Compel Third Party Compliance.  The first is that of the Municipal Defendants: the Municipal Defendants do not object to it.  (See doc. 57 at 1.)  Thus, **there is no party to this lawsuit objecting to Plaintiffs' Motion**.  The second response is that of the Third-Party: it asserts **a privilege that every single District Court in this Circuit, including this Court, has explicitly rejected**, resulting in everything from the Pennsylvania Attorney General's files, the Pennsylvania State Police's files, and Children and Youth Services' files being compelled by District Courts of the Third Circuit.  Consequently, in the face of the clearly-asserted relevance and need for the subpoenaed documents established in this record, one finds that the Municipal Defendants do not object and that the Third-Party cites a privilege expressly rejected by every

3

court of this Circuit. There is scant (and dwindling) basis to deny the Motion, and overwhelming legal and factual support for granting it.

## II. DISCUSSION

The Federal Rules of Civil Procedure provide that litigants may obtain discovery regarding any non-privileged matter that is relevant to any party's claims or defenses and that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Such discovery may be obtained from a non-party through service of a subpoena commanding attendance at a deposition and/or the production or inspection of documents, electronically stored information, and tangible things. Fed. R. Civ. P. 45(a).

Plaintiffs are here seeking from the Third-Party:

"A true and accurate duplicate copy of all documents forming Bucks County District Attorney's Office file #2012-3143, Commonwealth v. David Jerri, Jr. (CP-09-CR-0003143-2012), with the exception of work product of the assistant district attorney assigned to the case and/or the staff of the Office of District Attorney of Bucks County."[1]

The relevance between the sought-after information and Plaintiff Jerri, Jr.'s malicious prosecution claim could not be more clear: A plethora of cases supports the principle that one is liable for malicious prosecution if one "fail[s] to disclose exculpatory evidence to prosecutors, make[s] false or misleading reports to the prosecutor, omit[s] material information from the reports, or otherwise interfere[s] with the prosecutor's ability to exercise independent judgment." See Rhodes v. Smithers, 939 F. Supp. 1256, 1273 (S.D. W.Va. 1995) (citing many cases), aff'd,

---

[1] Note that the subpoena was intentionally crafted to *exclude* work product; thus, any argument that it touches upon protected work product of the prosecutors is unsupported. Plaintiffs have no interest in obtaining the prosecutor's notes or memos, and a protective order covering such would certainly be reasonable and easily crafted. Plaintiffs' intended purpose in serving the subpoena is only to probe what information was provided (and what information was withheld) *by the Municipal Defendants* in this case, these things directly bearing on the intent element of Plaintiff Jerri, Jr.'s malicious prosecution claim.

4

91 F.3d 132 (4th Cir. 1996); Tomaskevitch v. Specialty Records Corp., 717 A.2d 30, 33 (Pa.Cmwlth.1998)(citing Restatement (Second) of Torts § 653 cmt. g); Gallucci v. Phillips & Jacobs, Inc., 614 A.2d 284, 290 (1992); Gallo v. City of Phila., 161 F.3d 217, 220 n.2 (3d Cir. 1998)("Decisions have recognized that a §1983 malicious prosecution claim might be maintained against one who furnished false information to, or concealed information from, prosecuting authorities.") Significantly, police officers can be liable for malicious prosecution if they engage in this conduct such as by misleading prosecutors or concealing information. See, e.g., Reed v. City of Chicago, 77 F.3d 1049, 1053 (7th Cir. 1996)(chain of causation remains intact where there is an allegation of pressure or influence exerted by the police officers or knowing misstatements made by the officers to a prosecutor).

Plaintiff Jerri, Jr. has claimed that Defendants Harran, Ponticelli, and Monaghan failed to disclose exculpatory evidence to the district magistrate and to prosecutors, made false and misleading reports relied upon by the issuing authority and prosecutors, omitted material information from their reports to prosecutors, exerted pressure upon a young and inexperienced prosecutor to argue charges ill-supported by facts and evidence, and otherwise interfered with the issuing authority and prosecutor's ability to exercise independent judgment. (Doc. 43 at ¶¶138, 191.) Plaintiff has alleged that Defendants Harran, Ponticelli, and Monaghan did so with malice; that is, they intended that he be both incarcerated on and convicted of crimes they knew he did not commit, based on evidence they knew was fabricated and withholding exculpatory information they knew was not, with the express intent of punishing his father for the father's public opposition to their misconduct, waste, and legal violations. (Id. at ¶¶139, 192.) Plaintiff has asserted that their conduct was therefore not motivated by justice, but rather was political punishment. (Id.)

5

Two possible reasons for denying Plaintiffs' motion to enforce this subpoena have been posited: (a) that Plaintiffs can obtain the same information from the Municipal Defendants directly through discovery; (b) that because the information may be privileged under state law that same privilege governs the outcome in this federal civil rights case. The first is factually incorrect, while the second has been explicitly rejected by this Court and every other in the Third Circuit. Plaintiffs reply to each respectively:

**The Municipal Defendants' plea of their Fifth Amendment right not to incriminate themselves effectively precludes discovery on this critical area and renders the Third-Party's file the exclusive means for examining what exculpatory information these Defendants did and did not disclose to prosecutors. In other words, Plaintiffs cannot, as has been posited, obtain this same information from the Municipal Defendants because the Municipal Defendants will not provide it.**

Plaintiffs have already asked the Municipal Defendants about the truthfulness of their police reports. Plaintiffs have queried their completeness. Plaintiffs have asked whether the Municipal Defendants were truthful in their communications with the Third-Party, and whether they relayed to the Third-Party all information in their knowledge and possession concerning the "investigation" that led to their filing charges against Plaintiff Jerri, Jr.. Their response: the Municipal Defendants pled the Fifth. Defendant Monaghan asserted his Fifth Amendment right not to incriminate himself with respect to interrogatories concerning the truthfulness and completeness of his police reports on David Jerri, Jr., and even more, the Municipal Defendants cryptically referred to implications for the Fifth Amendment rights of other non-party police officers should they answer those questions. All Municipal Defendants invoked their Fifth Amendment right not to incriminate themselves when posed interrogatories concerning whether they conveyed their investigation completely and truthfully to the Bucks County District Attorney's Office (the Third-Party).

6

It is no wonder, then, why the Municipal Defendants do not oppose the Third-Party subpoena. (See doc. 57 at 1.) Plaintiffs' obtainment of the requested information from the Third-Party alleviates *them* from having to answer the questions regarding the same subject and leaves intact their Fifth Amendment plea not to incriminate themselves.

Why have Defendants blocked discovery *from themselves* on the very subject matter at which the subpoena here relevant is designed to probe via Third-Party? Not being mind-readers, one could nevertheless surmise quite reasonably that the Municipal Defendants, having now received from Plaintiffs affidavits of witnesses attesting to their provision of statements to Detective Monaghan, but whose statements somehow never made it into his police reports or were incompletely recorded, have chosen a Fifth Amendment shield over self-incrimination. Without a confession, one could nevertheless surmise very logically that the Municipal Defendants, having received from Plaintiff, too, affidavits of multiple witnesses attesting that they were never interviewed despite Defendants' knowledge of their existence and relevant eye-witness observations, have chosen the course of self-preservation.

Whatever their reasoning, there is no reasonable expectation that these same Municipal Defendants will "see the light" and suddenly be forthcoming in answering discovery and deposition questions that would shine light on their truthfulness and completeness in relaying to the Third-Party the information they had concerning the validity of the criminal charges against Plaintiff. Therefore, on the central issue of Plaintiff Jerri, Jr.'s malicious prosecution claim of whether the Municipal Defendants qualify as having "failed to disclose exculpatory evidence to prosecutors, made false or misleading reports to the prosecutor, omitted material information from the reports, or otherwise interfered with the prosecutor's ability to exercise independent judgment," Plaintiffs will be effectively deprived of highly relevant discovery unless this

7

subpoena is enforced. To the extent that the Third-Party's file confirms that the Municipal Defendants withheld from prosecutors evidence gathered and interviews of multiple witnesses they conducted as part of their investigation, their actions in so doing removed from the Third-Party the ability to exercise independent judgment with respect to whether to pursue what always was a false and baseless lie rooted in the improper political motives of a select few local officials.

Only two bodies know what information flowed from Defendants to the Third-Party: the Municipal Defendants and the Third-Party. Only these two, the Municipal Defendants and the Third-Party, can confirm whether the Municipal Defendants did or did not completely and truthfully convey exculpatory information known to have been in their possession to county prosecutors. The Municipal Defendants have refused to answer questions about it, and the Third-Party opposes the subpoena on the grounds of privilege. Which brings us to the issue of that privilege:

**There is no privilege recognized in federal court protecting the Third-Party's file from discovery on a critically relevant matter in this case, and that which is relied upon by the Third-Party has been expressly rejected in every single District Court in the Third Circuit including this one.**

While the party seeking discovery bears the initial burden of demonstrating the requested discovery is relevant to its claim or defense, First Sealord Surety v. Durkin & Devries Insurance Agency, 918 F. Supp. 2d 362, 382-83 (E.D. Pa. 2013)(O'Neill, J.), once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of

8

broad disclosure." Id.; Morrison v. Phila. Housing Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001); See also McConnell v. Canadian Pac. Realty Co., 280 F.R.D. 188, 193 (M.D. Pa. 2011). With respect to an objection that the information sought by subpoena is privileged, the burden of establishing the applicability of the privilege is on the one asserting it. See Grider v. Keystone Health Plan Central, Inc., 2005 U.S. Dist. LEXIS 44069 at *13-14 (M.D. Pa. July 28, 2005); Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A., 144 F.R.D. 258, 267-68 (E.D. Pa. 1992); Macario v. Pratt & Whitney Canada, Inc., 1990 U.S. Dist. LEXIS 18375 (E.D. Pa. Feb. 21, 1991); Smith v. Bic Corp., 869 F.2d 194, 199 (3d Cir. 1989); Barr Marine Product Co, Inc. v. Borg-Warner, 84 F.R.D. 631, 636 (E.D. Pa. 1979).

To meet their burden, the Third-Party offers only citation to a state law privilege (18 Pa.C.S. §9101, et. seq., "Criminal History Record Information Act") that **has been explicitly rejected by every District Court in the Third Circuit**, including this one. Evidentiary privileges in federal court are analyzed pursuant to Federal Rule of Evidence 501. Rule 501 provides that except as otherwise required by federal law, "the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by" federal common law. Where the instant case is filed pursuant to 42 U.S.C. §1983, alleging violations of federal constitutionally-guaranteed rights, federal law supplies the rule of decision over Plaintiffs' claims, as it does the law of privilege. See, e.g., Puricelli v. Houston, 2000 U.S. Dist. LEXIS 3517 (E.D. Pa. Mar. 14, 2000); Andritz Sprout-Bauer, Inc. v. Beazer East, Inc., 174 F.R.D. 609, 632 (M.D. Pa. 1997); Curtis v. McHenry, 172 F.R.D. 162, 164 (W.D. Pa. 1997); Sarko v. Penn-Del Directory Co., 170 F.R.D. 127, 129 (E.D. Pa. 1997). That federal law sounds clear on the precise privilege asserted in this case: it does not apply.

In <u>Curtis v. McHenry</u>, the United States District Court for the Western District of Pennsylvania compelled <u>production of police reports of the Pennsylvania State Police</u> which the defendants there claimed, as the Third-Party does here, are privileged under the Pennsylvania Criminal History Records Information Act (PCHRIA), 18 Pa.C.S.A. §§ 9101 *et seq.*. 172 F.R.D. 162 (W.D. Pa. 1997). The District Court ruled "[w]e find no authority for the claimed privilege under Federal Rule of Evidence 501 and grant Plaintiffs' motion." <u>Id.</u> "[T]here is no authority among the principles of common law for a blanket privilege against the discovery of police reports simply because they contain investigative information or relate to complaints against third parties." <u>Id.</u> at 164. The Court held that the claimed privilege "is not entitled to recognition in a federal question case under FED.R.EVID. 501." <u>Id.</u> at 164-65.

In <u>D.N. v. Snyder</u>, the Court denied the motion to quash a subpoena and for a protective order filed by <u>the non-party Pennsylvania Office of Attorney General</u> ("OAG"), seeking to block disclosure of <u>investigative documents</u> concerning a Chief of Police and various other officials. 2009 U.S. Dist. LEXIS 54696 at *1-2 (M.D. Pa. Jun 26, 2009). The OAG argued exactly as the Third-Party does here: that the Criminal History Record Information Act (the "CHRIA"), 18 Pa.C.S. §§ 9101-9183, prohibits disclosure of the subpoenaed information. The Court rejected the privilege cited and rejected OAG's argument against disclosure, observing that the CHRIA "does not create a privilege applicable to the instant matter." <u>Id.</u> at *3-4.

In <u>Griffen-El v. Beard</u>, this Court adopted the reasoning of <u>Curtis</u> and <u>D.N.</u> 2009 U.S. Dist. LEXIS 48371 at *44-45 (E.D. Pa. Jun. 8, 2009). After analyzing what it characterized as the unworkable nature of such a privilege if adopted in federal court, **this Court declined to recognize the relevant provisions of the CHRIA as creating a federal common law privilege**

and found that in light of Plaintiff's interests in proving his civil rights claims, a protective order "forbidding the disclosure or discovery" was inappropriate. Id. at *45-51.

The United States District Court for the Eastern District of Pennsylvania:

> "We decline to recognize the relevant provisions of the Pennsylvania Criminal History Record Information Act, 18 Pa.C.S.A. §§ 9101, et seq. as creating a privilege under federal common law."

Id. at *52.

At least one court in Pennsylvania itself has recognized the distinction: In <u>In Re: Pittsburgh Citizen Police Review Board</u>, the court in Allegheny County *distinguished state court actions from federal court actions in the applicability of the CHRIA*. 16 Pa. D. & C.5th 435 (Allegheny Co. 2010)(noting that in §1983 actions federal courts have ruled that the state privilege does not apply in a federal question case pending in the federal courts, while in litigation in state courts on a state question, state law applies).

Accordingly, reliance upon a privilege specifically rejected by this and other District Courts to support denying Plaintiffs access to a file containing exceedingly relevant information on a primary claim, in the face of the Municipal Defendants' Fifth Amendment plea and their non-opposition to this Motion, is tenuous and ill-supported by the record at best. Granting Plaintiffs' Motion, by contrast, vindicates Plaintiffs' discovery rights under the Federal Rules of Civil Procedure, preserves the Municipal Defendants' Fifth Amendment rights, and contravenes no recognized legal privilege, being substantially supported by legal precedent of this jurisdiction.

### III. CONCLUSION

For all of the reasons set forth in the above discussion, Plaintiffs respectfully request this Honorable Court enter the Order attached to Plaintiffs' Motion (doc. 52) compelling the Third-Party to abide by the subpoena with which they were admittedly served and produce the documents requested within five (5) business days from the date of the Order.

                    Respectfully submitted:

                    /s/Brian K. Wiley_____
                    Brian K. Wiley, Esq.
                    PA ID# 55813
                    Counsel for Plaintiffs

The Law Office of Brian K. Wiley, Esq., P.C.
100 South Main Street
North Wales PA 19454
Tel 215-699-2522
Fax 215-699-8988
bkwlaw1@verizon.net

Dated: January 1, 2014

**CERTIFICATE OF SERVICE**

I, Brian K. Wiley, Esq., counsel for Plaintiffs in the within action, do hereby certify that Plaintiffs' Brief in Reply to the Office of the District Attorney of Bucks County's Response in Opposition to Motion to Compel Third-Party Compliance with Subpoena Duces Tecum was served upon the Third-Party and all counsel for the parties via Electronic and/or United States First-Class Mail, and is also available for download and viewing by all counsel of record via the Eastern District of Pennsylvania Electronic Case Filing System on this 1st day of January, 2014.

By:

/s/ Brian K. Wiley
BRIAN K. WILEY, Esq.
PA ID #55813
Counsel for Plaintiffs

The Law Office of Brian K. Wiley, Esq., P.C.
100 South Main Street
North Wales PA 19454
Tel 215-699-2522
Fax 215-699-8988
bkwlaw1@verizon.net

Dated: January 1, 2014