**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVID JERRI, JR., et al.** <br><br>     **v.** <br><br> **FREDERICK HARRAN., et al.** | **CIVIL ACTION** <br><br> **NO. 13-1328** |

## <u>ORDER RE SUPBOENA TO BUCKS COUNTY DISTRICT ATTORNEY</u>

**AND NOW**, this 31st day of January, 2014, in this contentious civil rights case, plaintiffs had previously filed a Motion to Compel compliance with a subpoena duces tecum by the Bucks County District Attorney's Office (ECF 52). There have been several hearings in this case at which pendency of this Motion has been discussed. The Court was initially of the view that the parties should largely complete intra-party fact discovery before the Court would consider the plaintiffs' request for access to the files of the Bucks County District Attorney's Office ("DA").

Plaintiffs' reply brief (ECF 78) represents that several defendants in this case, who are police officers in Bensalem Township,[1] have asserted the Fifth Amendment in response to certain of plaintiffs' fact discovery questions. Although the Court does not dispute the Constitutional right of these defendants to assert the Fifth Amendment privilege against self-incrimination, the Court must note that it is unusual, in a civil rights case such as this against police officers, for the police officers to assert a claim of self-incrimination as a reason for refusing to provide discovery.

Assuming the truth of these representations, the Court will accelerate its consideration of plaintiffs' subpoena to the DA. Initially, the Court rejects the assertion of the DA that state law restrictions on discovery of its investigative files, prevents discovery in a federal civil rights action. *Pearson v. Miller*, 211 F.3d 57, 66 (3d Cir. 2000) ("In general, federal privileges apply to

---

[1] Defendants Harran, Monaghan, Ponticelli, and DiGirolomo.

federal law claims, and state privileges apply to claims arising under state law.").   However, because the material that plaintiffs request may contain sensitive investigative matters, the Court will closely supervise this aspect of discovery.

Initially, the Court will **ORDER** the DA to prepare a written inventory of the type of documents in its possession that are responsive to plaintiffs' subpoena.   These categories can be listed generically such as police reports, witness statements, photographs, recordings, and similar material, the volume in each category, and should also list the approximate number of documents or number of pages of material.   This inventory shall be filed and served within fourteen (14) days.   Documents as to which the DA asserts any privilege shall be separately logged with the details of the type of document, author, copies, recipient, date, and subject matter.

The Court will then have a hearing on March 11, 2014 at 10:00 a.m.   Counsel for the DA shall appear in the undersigned's Chambers one hour prior to that hearing for the Court to make an *in camera* review of the documents in the possession of the DA which are responsive to the subpoena.

At the hearing, the Court will hear argument concerning plaintiffs' requests for production of these documents.

**BY THE COURT:**

**/s/ Michael M. Baylson**

_____

**MICHAEL M. BAYLSON, U.S.D.J.**

O:\CIVIL 13\13-1328 jerri v. harran\13cv1328.motcompel.1.29.14.docx