IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID JERRI, JR., et al.<br><br>    v.<br><br>FREDERICK HARRAN., et al. | CIVIL ACTION<br><br>NO. 13-1328 |

**MEMORANDUM RE DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT**

**Baylson, J.**                                                                                                                **June 9, 2014**

###   I.      Introduction

In this civil rights claim against several police officers and officials of Bensalem Township, Bucks County, Pennsylvania (and a private party, Knights Collision), the Court previously entered an Order on June 5, 2014, granting defendants' Motion for Summary Judgment on all federal claims, and denying without prejudice, defendants' Motions for Summary Judgment on state law claims and declining to exercise supplemental jurisdiction over the latter, dismissed the claims without prejudice, allowing plaintiffs to pursue them in state court.   A separate Memorandum has been filed as to the Knights Collision claim.

This Memorandum will set forth the reasons for the Court's Order.

The plaintiffs are David Jerri, Sr. and Jr., father and son, who were intimately involved in the affairs of the Union Fire Company, a volunteer fire company serving Bensalem Township. Although it may not necessarily be relevant, neither Sr. nor Jr. are residents of Bensalem Township.   However, they were active participants in the Union Fire Company, and the Court will presume that the fact that they did not reside in Bensalem Township is not relevant.

This Court reviewed a number of the allegations against defendants and some of the relevant facts, as alleged in the original complaint, prior to discovery, in a previous Memorandum

dated August 16, 2013, (ECF 36), 2013 WL 4401435. Subsequently, plaintiffs filed an amended complaint (ECF 43).

Following extensive discovery, and numerous discovery disputes which the Court ruled on promptly in various hearings held prior to the filing of the Motions for Summary Judgment, the plaintiffs are asserting the following claims based on alleged violations of their Constitutional rights. The claims of David Jerri, Sr. are as follows:

COUNT II – 42 U.S.C. § 1983 (Fourteenth Amendment: Deprivation of Liberty-Interest in Reputation) vs. **Defendants: Harran, Ponticelli, Monaghan, and DiGirolamo.**

COUNT III – 42 U.S.C. § 1983 (First Amendment - Retaliation) vs. **Defendants: Harran, Ponticelli, Monaghan, and DiGirolamo.**

COUNT V – Defamation (state law claim) vs. **Defendants: Harran, Ponticelli, and Monaghan, and DiGirolamo.**

COUNT VI – Intentional Infliction of Emotional Distress (state law claim) vs. **Defendants: Harran, Ponticelli, and Monaghan, and DiGirolamo.**

COUNT VII – Conspiracy (state law claim) vs. **Defendants: Harran, Ponticelli, Monaghan, and DiGirolamo.**

The claims of David Jerri, Jr. are as follows:

COUNT I – 42 U.S.C. § 1983 (Fourth and Fourteenth Amendments: malicious prosecution and false arrest) vs. **Defendants: Harran, Ponticelli, and Monaghan.**

COUNT II – 42 U.S.C. § 1983 (Fourteenth Amendment: Deprivation of Liberty-Interest in Reputation) vs. **Defendants: Harran, Ponticelli, and Monaghan.**

COUNT IV – Malicious Prosecution (state law claim) vs. **Defendants: Harran, Ponticelli, and Monaghan.**

COUNT V – Defamation (state law claim) vs. **Defendants: Harran, Ponticelli, and Monaghan.**

COUNT VII – Conspiracy (state law claim) vs. **Defendants: Harran, Ponticelli, and**

**Monaghan.**

Following extensive briefing, and because there are numerous factual disputes in the record, the Court sent counsel a list of questions, which assumed that the Court would consider the admissible evidence presented in the voluminous exhibits accompanying the Motions for Summary Judgment and the responses, in the light most favorable to plaintiffs. Thus, even though there may have been some factual disputes, the Court considered all disputes in a way most favorable to Plaintiffs, the non-moving parties. Estate of Oliva ex rel. McHugh v. New Jersey, 604 F.3d 788, 791 (3d Cir. 2010).

## II.     Summary Judgment Standard

A district court should grant a motion for summary judgment if the movant can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it "might affect the outcome of the suit under the governing law." Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has met its initial burden, the adverse party's response must, "by affidavits

3

or as otherwise provided in this rule [ ] set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party. Anderson, 477 U.S. at 255.

### III.   Discussion

#### A.   Jerri, Sr. Claims

As to the claims of Jerri, Sr., the Court concludes that the recent case of Houston v. Twp. of Randolph, 13-2101, 2014 WL 998496 (3d Cir. Mar. 17, 2014), requires dismissal of his claims for deprivation of a liberty interest in reputation and his First Amendment claim for retaliation.

At oral argument, defense counsel demonstrated that Jerri, Sr.'s responses to Request for Admissions, and his testimony at his deposition, admit that all relevant speech concerned the affairs of the Union Fire Company. At oral argument, plaintiffs' counsel attempted to show that some of the complaints were personal in nature but admitted in the argument that nonetheless all of them were at least "tangential" to the affairs of Union Fire Company. The Court finds that whether characterized as tangential or not, all of the complaints that Jerri, Sr. made in his various public appearances, emails, and other communications, concerned the affairs of Union Fire Company, rather than any personal interest, and are therefore barred by Houston.

Houston involved a plaintiff who was a volunteer firefighter, who asserted a First Amendment retaliation claim. 2014 WL 998496 at *2. The District Court of New Jersey granted summary judgment to the defendants. The Third Circuit applied the Supreme Court's

4

case of Garcetti v. Ceballos, 547 U.S. 410, 415 (2006), which held that when public employees make statements pursuant to their official duties, they are not speaking as citizens for First Amendment purposes, and the Constitution does not protect that speech from employer discipline. The court thus affirmed the district court's judgment, holding that Plaintiff's speech – which concerned staffing levels and training procedures – was not protected by the First Amendment because his statements were made "pursuant to his official duties." Houston, 2014 WL 998496 at *2.

Even accepting that Jerri, Sr. was terminated as Chief of the Union Fire Company because of his various complaints (although this is disputed by defendants), the Court concludes that Jerri, Sr. cannot maintain his civil rights claims against the defendants (who admit for purposes of their Motion that they are state actors and that their conduct constitutes state action), because his speech was not protected.

### B. Jerri, Jr.'s Claims

As to the claims of Jerri, Jr., they fall into two basic categories. The first relates to his arrest and prosecution for insurance fraud and other alleged crimes, and the second relates to his claims of violation of his Fourteenth Amendment rights because of deprivation of a liberty interest and reputation arising out of his speech concerning the Union Fire Company.

First, this Court will address the claims for false arrest, malicious prosecution, and abuse of process. Jerri, Jr.'s claims centered on an affidavit prepared by Detective Monaghan supporting the issuance of an arrest warrant on March 7, 2012.

In Wilson v. Russo, the Third Circuit stated clearly that "an arrest warrant issued by a magistrate or judge does not, in itself, shelter an officer from liability for false arrest." 212 F.3d

781, 786 (3d Cir. 2000).  A plaintiff may succeed in a civil rights action if he or she can show that (1) a police officer knowingly and deliberately makes false statements or omissions that created falsehood in applying for the warrant, and (2) such statements or omissions were material, or necessary, to the finding of probable cause.  Id. at 786-87.  Thus, even if an officer knowingly or recklessly provided false statements or omitted material, a court must then "excuse the offending inaccuracies and insert facts recklessly omitted, and then determine whether or not the 'corrected' warrant affidavit would establish probable cause."  Id. at 789.

As required by Wilson, the Court questioned plaintiff's counsel very closely at the oral argument on June 4, 2014.  After extensive back and forth with plaintiffs' counsel, with some documentation from the discovery record by defendants' counsel, the Court concluded that the entire affidavit prepared and signed by Detective Monaghan was appropriately supported by the police investigation, including statements by various witnesses with firsthand information or reliable hearsay.  The Court did not find any exculpatory information was omitted by Detective Monaghan.  Plaintiff proved, at the very most, a few immaterial contradictions between what Detective Monaghan reported in the affidavit as having been said by certain witnesses as opposed to other statements by those same witnesses at various points in the case such as in depositions or in declarations obtained by plaintiff and included by plaintiff in his appendix supporting his summary judgment responses.  For example, Plaintiff showed slight inconsistencies as to the date on which witnesses noticed Jerri, Jr.'s injured hand and when he failed to appear for work.  See ECF 136 (Pl.'s Resp. in Opp'n to Defs.' Mot. for Summ. J.), Exs. 40 (Dec. 21, 2011 investigation notes of Det. Monagahan), 41 (Nov. 8, 2012 trial testimony of Robert Searfoss), 42 (Nov. 8, 2012 trial testimony of Det. Monaghan).  Plaintiff also pointed to the fact that, while Detective

Monaghan's affidavit reports statements from Mr. Pierson that Jerri, Jr. said he injured his hand while playing hockey, Mr. Pierson later gave deposition testimony that he only heard that information secondhand. See, e.g., ECF 119 (Def.'s Mot. for Summ. J. as to Jerri, Jr.), Ex. FF (application for arrest warrant, including Detective Monaghan's affidavit of probable cause); ECF 136 (Pl.'s Resp. in Opp'n to Defs.' Mot. for Summ. J.), Ex. 44 (Deposition of Michael Pierson, Apr. 2, 2014) at 47:24-48:23. These inconsistencies are not sufficient to show that Detective Monaghan knowingly or recklessly provided false information or omitted necessary information from his affidavit.

Nor do the alleged omissions of Detective Monaghan alter this conclusion. An investigating officer is not required to include every piece of evidence, but is instead charged with including what a reasonable person would determine is "the kind of thing the judge would wish to know." Wilson v. Russo, 212 F.3d 781, 788 (3d Cir. 2000) (quoting United States v. Jacobs, 986 F. 2d 1231, 1235 (8th Cir. 1993)). Although Jerri, Jr. argues that Detective Monaghan should have investigated certain witnesses or included testimony from certain witnesses in his affidavit, the Court is not persuaded that any of the information that Detective Monaghan could or would have obtained from these witnesses would have been material to the court's determination of probable cause.

Based on the briefs, record, and this dialogue with counsel, the Court concluded that the affidavit supporting the search warrant did establish probable cause, did not omit any exculpatory evidence, and required granting defendants' Motions for Summary Judgment as to Count I of Jerri, Jr.'s Complaint charging violation of his Fourth and Fourteenth Amendment rights.

In this connection, the Court also noted that at the trial of Jerri, Jr., the Court of Common

7

Pleas trial judge, denied a motion by defendants' counsel at the close the prosecution's case for a judgment of acquittal under Pennsylvania Rules of Criminal Procedure, Rule 606, Challenges to the Sufficiency of the Evidence.  The Court holds this ruling constituted a finding that the government had proven sufficient facts to sustain the conviction of Jerri, Jr.  Although the Court has been unable to find any reported decision relying on such a ruling as supporting the granting of summary judgment in a federal civil rights claim, the Court believes that the nature of the Common Pleas Court's ruling, in denying the motion for judgment of acquittal, is further judicial action supporting the existence of not only a prima facie case, but the introduction of sufficient evidence as presented by the Commonwealth at the trial to justify conviction of defendant.

As to Count II of Jerri, Jr.'s complaint charging Fourteenth Amendment deprivation of liberty interests and reputation, the Court notes that Jerri, Jr. claimed that the conduct of the defendants, in the investigation in posting information on a billboard and other public disseminations as alleged by Jerri, Jr., resulted in his termination of employment with a private employer, Knights Collision.

For the reasons stated above concerning the impact of the <u>Houston</u> decision on the claims of Jerri, Sr., the same ruling applies to Jerri, Jr., because all of his speech and conduct related to his association with the Union Fire Company, and thus under <u>Garcetti</u> and <u>Houston</u>, he does not have a liberty interest as a result of that speech.

Jerri, Jr. also asserted that the evidence that he had assembled was sufficient to show that other defendants, Officers Harran and Ponticelli, are liable along with Detective Monaghan, but the Court concludes that there is insufficient evidence of any causation that any act or omission by Harran or Ponticelli had any impact on conduct taken by any other defendant, including Knights

8

Collision and any employee of Knights Collision.

### C. Qualified Immunity

In addition to the reasons stated above, the Court believes that the individual state actors in this case, defendants DiGirolamo, Harran, Ponticelli and Monagahn, are entitled to qualified immunity. Plaintiff has failed to show that his Constitutional rights were violated, and the overall facts show no genuine factual dispute that, applying the test of objective reasonableness, the defendants' conduct does not show that they had any reason to believe that they were violating the Constitutional rights of the plaintiff. Wilson v. Layne, 526 U.S. 603, 119 S. Ct. 1692 (1999) ("[G]overnment officials performing discretionary functions generally are granted qualified immunity and are 'shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'").

In connection with the qualified immunity analysis, the Court further finds that as to Jerri, Jr.'s claims of malicious prosecution and false arrest that the fact that the District Attorney of Bucks County approved the issuance of the arrest warrant, and also undertook the prosecution of Jerri, Jr., is an additional and significant factor supporting the grant of qualified immunity in this case. See Williams v. Fedor, 69 F. Supp. 2d 649, 669-70 (W.D. Pa. 1999) (granting summary judgment on qualified immunity grounds because it was reasonable for police officer to rely on advice of District Attorney).

### IV. Conclusion

For the foregoing reasons, Defendants' Motions for Summary Judgment as to the federal claims are GRANTED.  Defendants' Motions as to the state law claims are DENIED without prejudice.  An appropriate order was issued on June 5, 2014.  ECF 152.

O:\CIVIL 13\13-1328 jerri v. harran\13cv1328.memo.dismiss.docx