IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| David Jerri, Jr., et. al, | : | CIVIL CASE |
|     Plaintiffs, | : | |
|                v. | : | |
| | : | |
| Frederick Harran, et al., | : | |
|     Defendants. | : | NO. 13-1328 |

## MEMORANDUM OF LAW RE PLAINTIFF JERRI, JR.'S MOTION FOR SUMMARY JUDGMENT

**Baylson, J.**                                                                                                          **June 9, 2014**

### I.   Introduction

This complex civil rights action involves a number of claims against various Defendants. The present Motion for Summary Judgment, filed by Plaintiff, David Jerri, Jr. ("Jerri, Jr."), only pertains to Jerri, Jr.'s two claims for wrongful termination against Defendants Knights Collision Center, Inc. ("Knights Collision") and Michael Pierson.

Plaintiff filed his Motion for Summary Judgment ("the Motion") on April 30, 2014 (ECF 117) and an accompanying Statement of Undisputed Facts on the same day (ECF 118). Knights Collision and Pierson submitted a Response in Opposition ("Opposition") on May 19, 2014, (ECF 133), along with a Response to Plaintiff's Statement of Undisputed Facts (ECF 134).

For the following reasons, this Court will DENY the Motion.

### II.   Background

Jerri, Jr. asserts claims for wrongful termination for seeking workers compensation in violation of public policy under Pennsylvania common law and wrongful termination of a volunteer firefighter in violation of 35 Pa. C.S.A. § 7424 against Knights Collision and Pierson, the Owner of Knights Collision, each involving the same operative facts.

The following facts are not in dispute unless otherwise noted. Knights Collision provides duty tow services to Bensalem Township Police Department. ECF 118 (Pl.'s Statement of Undisputed Facts) ¶ 4 [hereinafter SUF]. Jerri, Jr. worked as a full-time employee at Knights Collision. Id. ¶ 8; ECF 134 (Def.'s Resp. to Pl.'s Statement of Undisputed Facts) ¶ 8 [hereinafter Resp. to SUF]. Jerri, Jr. also volunteered as a firefighter with the Union Fire Company in Bensalem, Pennsylvania throughout his employment with Knights Collision. SUF ¶¶ 7, 10. Pierson was in charge of day-to-day operations of Knights Collision in 2011, and handled all aspects of the business, including supervision of employees and other personnel decisions such as terminations. Id. ¶ 14, 15. Robert Searfoss acted as the towing manager of Knights Collision during the relevant time period, in which role he managed driver schedules, dispatching, billing. Id. ¶ 16. Searfoss also acted as Jerri, Jr.'s direct supervisor and reported directly to Pierson. Id. ¶¶ 13, 17.

On September 17, 2011, Jerri, Jr. responded to a fire at the Hillcrest Dairy. Id. ¶ 18. At some point, Jerri, Jr. suffered a fractured hand. Id. ¶ 21. Significantly, the parties dispute whether Jerri, Jr. suffered his hand injury while responding to the fire or sometime before then while playing hockey. Compare id. ¶¶ 19-20, with Resp. to SUF ¶¶ 19-20. The parties do not dispute that Jerri, Jr.'s doctors restricted him from using his hand, SUF ¶ 22, or that he underwent surgery on the hand on October 4, 2011, id. ¶ 23. Nor do they dispute that Jerri, Jr. gave Pierson his medical paperwork in person a couple days after the fire and explained that his injury happened while responding to the fire. Id. ¶¶ 25, 27. However, the parties do dispute whether an employee of Knights Collision then removed Jerri, Jr. from the calendar or whether Jerri, Jr. effectively removed himself from the calendar at that time. Compare id. ¶¶ 28-30, with Resp. to SUF ¶¶ 28-30.

There is no dispute that Jerri, Jr. did file a claim for workers compensation and that he received benefit payments via Delaware Valley Workers Compensation Trust ("the Trust") for approximately two months after filing his claim. SUF ¶¶ 31-32. The parties agree that Linda Bengera, the claims adjuster for the Trust, spoke to Knights Collision as part of her claim investigation, and that Bengera made several attempts to contact Knights Collision in processing Jerri, Jr.'s claim. Id. ¶¶ 33, 37, 39-40. Knights Collision and Pierson, however, dispute whether Pierson had knowledge of those attempts. Resp. to SUF ¶¶ 39-40.

The parties further dispute the circumstances of the termination of Jerri, Jr.'s employment at Knights Collision. Plaintiffs assert that Pierson terminated Jerri, Jr.'s employment in a conversation that took place in September, during Jerri, Jr.'s medical treatment and before he was cleared to resume work. SUF ¶¶ 43-55. Knights Collision and Pierson, on the other hand, argue that the record shows that they terminated Plaintiffs' employment in December, via letter, after Plaintiff had been arrested for unlawful entry on Knights Collision property. Resp. to SUF ¶¶ 42-60.

### III. Legal Standard

A district court should grant a motion for summary judgment if the movant can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it "might affect the outcome of the suit under the governing law." Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett,

477 U.S. 317, 322 (1986).  Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case."  Id. at 325.  After the moving party has met its initial burden, the adverse party's response must, "by affidavits or as otherwise provided in this rule [ ] set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e).  Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.  Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party.  Anderson, 477 U.S. at 255.

**IV.   Discussion**

The Pennsylvania Supreme Court has not set forth the elements of claim for retaliatory discharge, but the Third Circuit has endorsed the application of the Title VII framework to such claims under Pennsylvania law.  See Dunsmuir v. May Dep't Stores Co., 120 F. App'x 927, 929 (3d Cir. 2005) ("This approach is sound in our view"); see also Deily v. Waste Mgmt. of Allentown, 55 F. App'x 605, 608 (3d Cir. 2003).  Thus, an employee must establish:  (1) that he engaged in protected activity; (2) that he suffered an adverse employment action either after or contemporaneous with the protected activity; and (3) that there is a causal connection between his protected activity and the employer's adverse action.  Dunsmuir, 120 F. App'x at 929.  If the employee is able to show these elements, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its action.  Id.  If the employer satisfies this burden, the employee may defeat summary judgment by discrediting the proffered reason or adducing evidence to demonstrate that retaliatory animus was a motivating factor in the employer's decision.  Id.  "A plaintiff may defeat a motion for summary judgment (or judgment as a matter

4

of law) by pointing 'to some evidence, direct or circumstantial, from which a factfinder would reasonably either: (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action.'" Jones v. Sch. Dist. of Phila., 198 F.3d 403, 413 (3d Cir. 1999) (quoting Fuentes v. Perskie, 32 F.3d 759 (3d Cir. 1994)).

The parties do not dispute that Plaintiff engaged in a protective activity by filing a workers' compensation claim or that he suffered an adverse employment action. However, the parties do dispute the causal connection between the protected activity and Knights Collision's decision to terminate his employment. Taking the evidence in the light most favorable to Knights Collision, this Court cannot find, as a matter of law, that Knights Collision terminated Plaintiff because of his protected activity. Knights Collision has put forth evidence showing that the decision to terminate Plaintiff was based on Plaintiff's arrest for trespassing on Knights Collision's property. Although Plaintiff strenuously disputes that contention, that dispute cannot be resolved as a matter of law.

## V. Conclusion

For the foregoing reasons, Plaintiff's Motion for Summary Judgment against Knights Collision will be DENIED without prejudice. The Court declines to exercise supplemental jurisdiction over the claims against Knights Collision – both of which are based on state law – and they will be DISMISSED without prejudice. An appropriate order was issued on June 5, 2014. ECF 152.

O:\Caitlin\Civil\13-1328 (Jerri)\2014.6.4 MoL re P's MSJ.docx