IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| David Jerri, Jr., et. al, | : | CIVIL CASE |
|     Plaintiffs, | : | |
|           v. | : | |
| | : | |
| Frederick Harran, et al., | : | |
|     Defendants. | : | NO. 13-1328 |

**MEMORANDUM OF LAW RE PLAINTIFFS' MOTIONS FOR RECONSIDERATION**

**Baylson, J.**                                                                                                         **August 11, 2014**

## I. Introduction

This complex civil rights action involves a number of claims against various Defendants. On June 5, 2014, this Court granted Defendants' Motion for Summary Judgment on all federal claims and denied, without prejudice, Defendants' Motion for Summary Judgment on state law claims. ECF 152. The Court declined to exercise supplemental jurisdiction over the state law claims and dismissed the claims without prejudice.

On June 12, 2014, Plaintiffs each filed a Motion for Reconsideration. ECF 160-161. On June 20, 2014, this Court issued an Order that Defendants' Response to the Motions for Reconsideration should discuss the recent Supreme Court decision in Lane v. Franks, No. 13-483, 134 S. Ct. 2369 (June 19, 2014). ECF 164. Defendants filed their Responses on July 1, 2014 (ECF 164-165) and Plaintiffs filed Reply briefs on July 8, 2014. ECF 166-167.

## II. Lane v. Franks

Petitioner Edward Lane brought a 42 U.S.C. §1983 action against Respondent Steve Franks, in his individual and official capacities, for violation of Petitioner's First Amendment rights.

Petitioner Edward Lane was the Director of Community Intensive Training for Youth ("CITY") at Central Alabama Community College (hereinafter CACC). In 2006, Lane audited the CITY program and discovered that one employee, Suzanne Schmitz, had not been reporting

for work. Suzanne Schmitz was also an Alabama state representative. After contacting Schmitz, Lane discussed her absence with CACC's president and attorney, who both warned Lane that there would be repercussions from firing Schmitz. Lane fired Schmitz despite these warnings.

In late 2006, Schmitz was indicted on counts of Mail Fraud and Theft Concerning a Program Receiving Federal Funds. Lane testified at Schmitz's grand jury indictment. In 2008, Lane was subpoenaed to testify at Schmitz's trial, which was highly publicized. The jury failed to reach a verdict, and Lane was subpoenaed again when Schmitz was re-tried.

During 2008 and 2009, the CITY program experienced budget shortages. In January 2009, Respondent Steve Franks, then president of CACC, terminated twenty-nine employees, including Lane. During the following weeks, all of the terminated employees were reinstated except Lane and one other employee. In September 2009, CACC terminated the CITY program.

Lane filed a §1983 action against Franks in both his individual and official capacities alleging that he was fired as retaliation for testifying against Schmitz, in violation of his First Amendment rights.

The District Court granted summary judgment for Franks, holding that "Franks was entitled to qualified immunity as to the damages claims" because Lane's right to free speech, as a government employee testifying about information he learned while on the job, was not clearly established. Lane v. Central Ala. Cmty. College, 2012 WL 5289412, *10 (N.D. Ala., Oct. 18, 2012).

The Eleventh Circuit affirmed, relying on Garcetti v. Ceballos. 547 U.S. 410, 421 (2006). Garcetti held that "when public employees [made] statements pursuant to their official duties, the employees [were] not speaking as citizens for First Amendment purposes." Id. The Eleventh Circuit further held that "[e]ven if an employee was not required to make the speech as part of his official duties, he enjoy[ed] no first amendment protection if his speech 'ow[ed] its

2

existence to [the] employee's professional responsibilities.'" Lane v. Central Ala. Cmty. College, 523 F. App'x 709, 710 (11th Cir. 2013) (quoting Abdur-Rahman v. Walker, 567 F.3d 1278, 1283 (11th Cir. 2009)). The Eleventh Circuit also held that Franks was entitled to qualified immunity because Lane's right to free speech was not clearly established. Id.

The Supreme Court reversed in part and remanded. The Court applied the balancing test set forth in Pickering v. Bd. of Ed. of Two. High Sch. Dist. 205, 391 U.S. 563, 568 (1968), which balances the employees' interests against the State's interests. Lane v. Franks, No. 13-483 at 7. The Court held that Lane's sworn testimony was entitled to First Amendment protection, because the testimony constituted speech on a matter of public concern. The Court's opinion emphasized the fact that the speech at issue was sworn testimony in judicial proceedings. The Court observed that the Eleventh Circuit had given "short shrift to the nature of sworn judicial statements and ignored the obligation borne by all witnesses to testify under oath." Id. at 9. The Court continued, noting that "[s]worn testimony in judicial proceedings is a quintessential example of speech as a citizen for a simple reason: Anyone who testifies in court bears an obligation, to the court and society at large, to tell the truth." Id. Thus, a public employee who testifies in judicial proceedings has a duty to testify truthfully that exists separate and apart from any other duty he may have to his employer. As the Court stated: "That independent obligation renders sworn testimony speech as a citizen and sets it apart from speech made purely in the capacity of an employee." Id.

The Lane opinion also cautions against an overly narrow reading of Garcetti v. Ceballos, 547 U.S. 410. The Court made clear that its ruling depended not just on the context of the speech (sworn testimony), but also on its content (corruption in a public program and misuse of state funds). As the Court emphasized, the critical question is "whether the speech at issue is itself ordinarily within the scope of an employee's duties, not whether it merely concerns those

3

duties." Id. at 10.  Stated differently, "the mere fact that a citizen's speech concerns information acquired by virtue of his public employment does not transform that speech into employee— rather than citizen—speech."  Id.  Moreover, the Court also highlighted the importance of protecting public employee speech where those employees are "most likely to have informed and definite opinions as to how funds allotted to the operation of [their place of employment] should be spent . . . Accordingly, it is essential that they be able to speak out freely on such questions without fear of retaliatory dismissal."  Id.

### III.    Application of Lane to Plaintiffs' Claims

This Court granted summary judgment to Defendants on Plaintiff Jerri Sr.'s federal claims based on the Third Circuit's recent ruling in Houston v. Twp. of Randolph, No. 13-2101, 2014 WL 998496 (3d Cir. Mar. 17, 2014).  While it is possible that Lane undermines the Third Circuit's holding in Houston, the two decisions are not clearly contradictory.  The Supreme Court's emphasis on the obligation of a witness when giving sworn and compelled testimony is clearly distinguishable from the facts in Houston and the present action.  In the absence of a clearly irreconcilable Supreme Court decision, this Court remains bound by Third Circuit precedent.  United States v. Orocio, 645 F.3d 630, 647 (3d Cir. 2011) abrogated on other grounds by Chaidez v. United States, 133 S. Ct. 1103, 185 L. Ed. 2d 149 (U.S. 2013).

Thus, Lane does not affect this Court's prior grant of summary judgment to Defendants.

Even if Jerri Sr.'s speech is protected under Lane, his claims against Defendants would be dismissed on grounds of qualified immunity.  As the Supreme Court recognized in Lane, "courts may not award damages against a government official in his personal capacity unless the official violated a statutory or constitutional right, and the right was clearly established at the time of the challenged conduct."  Lane, No. 13-483 at 13 (internal quotation makes omitted).  As the Supreme Court stated, the relevant inquiry here is whether Defendants could reasonably have

believed that, at the time they fired Plaintiff Jerri Sr., that they could do so on account of his speech.  In Lane, the Court found that the precedent in the Court of Appeals did not preclude the government official from believing he could have fired his employee and that "no decision of this Court was sufficiently clear to cast doubt on the controlling … precedent." Id. at 14.  The same is true of the controlling precedent in the Third Circuit.  Thus, "because the question was not 'beyond debate' at the time [Defendants] acted," they would be entitled to qualified immunity.  Id. at 17 (quoting Ashcroft v. al-Kidd, 563 U.S. __, ___, 131 S. Ct. 2074 (2011) (slip op., at 12)).

### IV. Remaining Contentions for Reconsideration

Under well-settled precedent, in order to grant a motion for reconsideration, the moving party must demonstrate:  (1) an intervening change in the controlling law, (2) the availability of new evidence which was not available when the court issued its order, or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  See, e.g., Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reins. Co., 52 F. 3d 1194, 1218 (3d Cir. 1995)).

Plaintiff has failed to make the necessary showing, but rather attempts to relitigate issues that this Court considered previously.  Thus, the Court concludes that its prior opinion does not require reconsideration.

### V. Conclusion

For the foregoing reasons, Plaintiffs' Motions for Reconsideration will be DENIED.

An appropriate Order follows.

O:\Caitlin\Civil\13-1328 (Jerri)\2014.8.9 MoL re Mot for Reconsideration.docx