## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID JERRI, JR., et al.** | **CIVIL ACTION** |
| **v.** | **NO. 13-1328** |
| **FREDERICK HARRAN., et al.** | |

### MEMORANDUM

**Baylson, J.**                                                                    **May 4, 2016**

This Court has issued prior memoranda in this case, which need not be summarized for present purposes.  On appeal to the Third Circuit, this Court's grant of summary judgment as to Plaintiff David Jerri, Jr. was affirmed. However, in a non-precedential opinion, the Third Circuit vacated the grant of summary judgment against Plaintiff David Jerri, Sr. as to his First Amendment retaliation claim, remanding for this Court "to consider *Pickering* and any other aspects of Jerri, Sr.'s claim that continue in dispute."  *Jerri v. Harran*, 625 Fed. App'x 574, 583 (3d Cir. 2015) (unpublished).

Jerri, Sr.'s claim is brought under 42 U.S.C. § 1983 for retaliation on the basis of constitutionally protected speech. This claim will be successful if Jerri, Sr. shows that (1) his speech was protected by the First Amendment and (2) his speech "was a substantial factor in the alleged retaliatory action." *Gorum v. Sessoms*, 561 F.3d 179, 184 (3d Cir. 2009).

On remand, the Court continues to evaluate Jerri, Sr.'s First Amendment retaliation claim through Defendants' Motion for Summary Judgment.  A district court should grant a motion for summary judgment if the movant can show "that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a).  Under Rule 56, the Court must view the evidence presented in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## I.    Protected Speech and *Pickering* Balancing Test

The *Pickering* balancing test governs whether a government employee's speech is protected by the First Amendment.  Under this test, Jerri, Sr.'s speech was protected if (1) he was speaking as a citizen, (2) his speech involved a matter of public concern, and (3) his interest in making the speech and the public's interest in receiving it outweighs the government-employer's interest in maintaining an efficient workplace. *Hill v. Borough of Kutztown*, 455 F.3d 225, 241 (3d Cir. 2006); *see also Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006). Whether speech is protected is a question of law. *Connick v. Myers*, 461 U.S. 138, 148 n.7 (1983).

In its opinion, the Third Circuit decided the first prong of this balancing test, stating that "at least some of Jerri, Sr.'s speech was made as a citizen." *Jerri v. Harran*, 625 Fed. App'x 574, 583 (3d Cir. 2015) (unpublished).  This holding that Jerri, Sr. spoke as a citizen pertained to speech that Jerri, Sr. made to non-township officials, including statements to reporters, FBI agents, and perhaps others.  *Id.* at 581.  The Third Circuit held that "Jerri, Sr. spoke as a citizen when he complained about the boat business to all and sundry."  *Id.*  The "boat business" referred to the decision of the Union Fire Company to spend $1 million on a fire boat, which was opposed by Defendant Harran.

The second prong of the *Pickering* doctrine, which the Third Circuit identified as a question of law for this Court to decide in the first instance, is whether Jerri, Sr.'s speech as a citizen was on a "matter of public concern." Some of Jerri, Sr.'s speech as a citizen pertained to the controversial circumstances surrounding purchase of a fire boat and the very large cost of said boat ($1 million), most of which came out of public money. Jerri, Sr., although supporting the purchase of the fire boat, complained about waste, misconduct, and mismanagement related to other aspects of Bensalem Township activities.

Viewing the facts in the light most favorable to Jerri, Sr., the Court finds that when Jerri, Sr. spoke as a citizen to third parties, he was speaking on "matters of public concern" because economics of a township's management are of public concern. Large expenditures can result in tax increases, which many citizens of a township resist, and may warrant the public voting in a particular way at a future election for township officials. Furthermore, much of Jerri, Sr.'s speech involved allegations of governmental misconduct, which the Third Circuit has recently held "is the archetype of speech deserving the highest rung of First Amendment protection." *Dougherty v. Sch. Dist. of Pa.*, 772 F.3d 979, 991 (3d Cir. 2014).

The third prong of the *Pickering* balancing test asks: Are the governments' employer-related interests weightier than the combination of Jerri, Sr.'s speech interests and the public's interest in having access to the speech? *Hill v. Borough of Kutztown*, 455 F.3d 225, 241 (3d Cir. 2006). Viewing the

3

facts in the light most favorable to Jerri, Sr., the Court answers no. Accepting the facts in the light most favorable to the non-moving party, Jerri, Sr.'s speech that qualifies as that of a citizen on a matter involving public concern was akin to whistle-blowing, which occupies "the highest rung of First Amendment protection." *Dougherty*, 772 F.3d at 991.  On the other side of the scale are Bensalem Township's interests in maintaining an efficient work place. Particularly in light of the fact that the Jerri, Sr. did not have a close working relationship with Defendants, the Court declines to give great weight to the governmental interest.  Therefore, the weighty interest in airing issues of government misconduct outweighs the government's interest as an employer in this case.

This analysis completes this Court's application of the *Pickering* balancing test.

## II.   Other Disputed Aspects of Jerri, Sr.'s Claim

Having concluded that Jerri, Sr.'s evidence could support the conclusion that his speech was protected at this stage in litigation, the Court must now evaluate whether that speech was a substantial factor in the alleged retaliatory action.

Whether the speech was a substantial factor in Defendants' decision to take retaliatory action is a question of fact. *Curinga v. City of Clairton*, 357 F.3d 305, 310 (3d Cir. 2004).  To survive summary judgment, Jerri, Sr. must identify evidence in the record from which a jury could conclude that

4

Defendants had knowledge of his protected speech before they undertook retaliatory action against him.  *See Gorum v. Sessoms*, 561 F.3d 179, 188 (3d Cir. 2009) (concluding that the plaintiff had failed to show that the speech was a substantial factor in the alleged retaliation where the plaintiff had failed to show that defendants knew of his protected speech).

When this Court granted summary judgment previously, it did not specifically rule on the Defendants' argument that there was no evidence that any Defendant knew about Jerri, Sr.'s protected speech.  Defendants argue that because Jerri, Sr. has not submitted any evidence that Defendants knew he engaged in protected speech, he has failed to create a fact issue about whether Defendants' suspension of the Union Fire Company on July 10, 2012 was in retaliation for Jerri, Sr.'s protected speech as a citizen.

In the post-remand briefing, Defendants reiterate this defense, but Plaintiff has not specifically addressed it.  Therefore, to complete the post-remand briefing in a fair manner, the Court will give Plaintiff one additional, but last, opportunity to show where, in the existing factual record, there is any evidence from which a jury could conclude that either Defendant Harran or Defendant DiGirolamo had any knowledge of Jerri, Sr.'s protected speech prior to July 10, 2012.[1]

### III.  Conclusion

An appropriate Order follows.

_____

[1]    At the most recent hearing on remand, Plaintiff agreed to dismiss Defendant Monahan.

O:\CIVIL 13\13-1328 jerri v. harran\13-1328 Memorandum.docx